UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLIVER WANG, *et al.*,

　　　　　Petitioners,

　　v.

UNITED STATES OF AMERICA,

　　　　　Respondent.

Case No. C09-0788RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by respondent, the United States of America, and on a petition to quash summonses filed by petitioners, Oliver and Li-Hwa Wang, a married couple. For the reasons set forth below, the Court grants the government's motion.

## II. DISCUSSION

In March 2009, the Internal Revenue Service ("IRS") issued summonses to third party Costco Wholesale Corporation ("Costco") seeking documents regarding business transitions between Costco and the Wangs, and between Costco and various business entities that may be related to the Wangs. Costco has not opposed the summonses. The

ORDER GRANTING MOTION TO DISMISS - 1

Wangs have withdrawn their objection to the request for documents regarding their transactions with Costco, but seek to quash the summonses' request for documents regarding the various business entities.

The IRS is conducting an audit of the Wangs' income tax return for 2006. The IRS contends that the Wangs have retained or acquired ownership interest in foreign corporations that manufacture, market, and sell furniture around the world. Some of those corporations sell furniture to Costco for retail sale.

The IRS requires U.S. taxpayers, like the petitioners, to report any income from ownership in foreign corporations. The Wangs' 2006 tax return did not include any such income, but the IRS suspects that some was garnered. That belief is based in part on Mr. Wang's prior ownership interest in foreign corporations. He represented to the IRS that in 2001, he owned 49% of Shian Industry Co. Ltd., which owned at least 55% of Shianco Company Limited. Shianco owned 70% of Shunde Shian Furniture Ltd, which manufactures furniture. Declaration of Landa Chan at ¶ 7. Although the petitioners contend that they sold their interest in Shian and Shianco in 2001, the IRS states that the transaction was conducted under suspicious circumstances, and Mr. Wang's reporting of the sales transactions has been inconsistent. Id. at ¶¶ 8, 9. The IRS suspects that petitioners engaged in a nominee transfer in order to mask their foreign interests and avoid paying income taxes. The IRS has also found documents on the internet appearing to suggest that Mr. Want continues to own foreign corporations. Id., Ex. 3. Moreover, when the IRS audited the Wangs' tax returns for 1995 through 1998, the agency discovered that the Wangs had failed to report approximately $80 million in income from foreign sources. Declaration of Kenneth Chan at ¶ 3.

Furthermore, the IRS notes that Mr. Wang is the CEO of Dimension, a company based in Taiwan that purchases furniture from Shunde and sells it to Costco and other

ORDER GRANTING MOTION TO DISMISS - 2

U.S. companies. Declaration of Landa Chan at ¶ 10. Mr. Wang has represented that he also provides negotiations services to Agio Hong Kong, Shianco, and other manufacturing facilities in China. The IRS notes that the relationship among those entities and the other corporations listed in the subpoenas is unclear.

Pursuant to 26 U.S.C. § 7602(a), the IRS can issue summonses for the purpose of "ascertaining the correctness of any return, . . . determining the liability of any person for internal revenue tax . . . or collecting any such liability." The taxpayer is entitled to contest summonses issued to third parties seeking information regarding the taxpayer. 29 U.S.C. § 7609(b)(2)(A). To defeat a petition to quash, the government must establish four factors: (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). The government's burden "is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999) (internal citation and quotation omitted) (describing the government's burden as "slight").

In this case, the government has submitted declarations from IRS revenue agents Landa Chan and Kenneth Chan that satisfy the *Powell* requirements. Declaration of Landa Chan at ¶ 20 (setting forth the administrative steps followed); id. at ¶ 21 (explaining that the information sought is not in the possession of the IRS). Petitioners concede that those two factors have been met. The declarations also show that the investigation is being conducted for a legitimate purpose: to further the agency's audit of the Wangs' 2006 tax return. Id. at ¶ 4. As set forth above, the IRS can issue summonses for the purpose of "determining the liability of any person for internal revenue tax." 26

ORDER GRANTING MOTION TO DISMISS - 3

U.S.C. § 7602(a). The documents sought appear relevant to that purpose. They may shed light on the veracity of the statements in petitioners' 2006 income tax return. The documents may reveal that petitioners maintain ownership interest in foreign corporations, the amount of any ownership, and the amount of sales revenue generated. Declaration of Kenneth Chan at ¶¶ 5, 6. The Costco documents may also show how payments were directed and whether petitioners represent themselves as owners to third parties. Id. at ¶ 6. Accordingly, the government has established that the *Powell* elements have been met.

Because the government has met its burden, the burden shifts to the Wangs "to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." Crystal, 172 F.3d at 1144 (internal quotations and citations omitted). The Wangs argue that the IRS lacks a legitimate purpose and the information sought is irrelevant. In support of their argument regarding the purpose of the request, they argue and present some evidence that they do not maintain any ownership interest in foreign companies. However, their dispute over the merits of the ownership issue does not show that the agency has an improper purpose. Rather, improper purposes include harassing the taxpayer, putting pressure on him or her to settle a collateral dispute, or "'any other purpose reflecting on the good faith of the particular investigation.'" Crystal, 172 F.3d at 1144 (quoting Powell, 379 U.S. at 58). There is no evidence of any improper purpose in this case. The Wangs also contend that the Costco documents are not relevant to the audit regarding their 2006 tax return. As the Supreme Court has explained, the IRS is required to show only the documents' "*potential* relevance to an ongoing investigation." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (emphasis in original) (explaining that "the Service can hardly be expected to know whether such data will in fact be relevant until they are procured and scrutinized."). As set forth above, the

government has shown that the requested documents are potentially relevant to the accuracy of the Wangs' 2006 income tax return. Finally, petitioners argue that the summonses are overbroad because they seek information from 2001 through 2006, but the IRS is auditing only petitioners' 2006 return. The documents during that time period, however, may shed light on whether the petitioners actually sold their foreign interests and/or subsequently acquired foreign interests. Accordingly, the Court will not quash the summonses.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion to dismiss (Dkt. #18) and dismisses petitioners' action to quash the summonses. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioners.

DATED this 9th day of November, 2009.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 5