# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OLIVER WANG, *et al.*,

    Petitioners,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C09-0788RSL

ORDER GRANTING IN PART MOTION FOR A STAY PENDING APPEAL

    This matter comes before the Court on petitioners' motion to stay the order granting the government's motion to dismiss and the judgment in this case. Petitioners filed this action to quash administrative third-party subpoenas. On November 9, 2009, the Court granted the government's motion to dismiss and denied the petitioners' petition to quash. Petitioners subsequently appealed the decision to the Ninth Circuit Court of Appeals.

    Petitioners contend that a stay of enforcement is appropriate pursuant to Federal Rule of Civil Procedure 62 because (1) there is a likelihood that they will prevail on their appeal, (2) petitioners will suffer irreparable injury if the stay is denied because the

ORDER GRANTING IN PART MOTION
FOR A STAY PENDING APPEAL - 1

documents will be produced in the interim, (3) the government will not suffer substantial harm if the stay is granted, and (4) the public interest will not be harmed if the stay is granted.

Federal Rule of Civil Procedure 62 allows a party to move to stay execution of a judgment while a case is on appeal. The standard for granting a stay pending appeal is effectively the same as that for issuing a preliminary injunction. See, e.g., Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). The Supreme Court recently explained, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., __ U.S. __, 129 S. Ct. 365, 374 (2008).

In this case, petitioners cannot establish that they are likely to succeed on the merits for all of the reasons set forth in the Court's prior order. Although petitioners contend that the Court failed to find that the documents sought were relevant, the Court's order made that finding. Order at p. 4. The finding of relevance was based on the credible declarations of two IRS agents. As the Court explained, the documents sought could assist the IRS in determining whether petitioners hold any ownership interest in foreign corporations, which could reveal income that was not reported. For example, the documents could show that Mr. Wang represents himself as an owner of one of the foreign businesses. In addition, the documents could reveal the amount and sources of foreign compensation. Petitioners' likelihood of success is further undermined by the fact that the appellate court will apply a "clearly erroneous" standard, the IRS has only a

ORDER GRANTING IN PART MOTION
FOR A STAY PENDING APPEAL - 2

"slight burden" to support enforcement of the subpoenas, and the petitioners bear a "heavy burden" of establishing an improper purpose. See, e.g., United States v. Lee, Goddard & Duffy, 553 F. Supp. 2d 1164, 1167 (C.D. Cal. 2008). For all of these reasons, the Court finds that petitioners' likelihood of success is minimal, so a stay is not warranted.

In light of the Supreme Court's pronouncement in *Winter* that a party must establish that it is likely to succeed on the merits, it appears that the Court need not consider the other factors. Even if it did, those factors do not weigh in petitioners' favor. Petitioners have failed to show irreparable harm in the absence of a stay because the production of documents in response to an IRS subpoena is not sufficient irreparable injury to qualify for a stay. See, e.g., United States v. Blackburn, 538 F. Supp. 1385, 1387 (M.D. Fla. 1982). Even if petitioners were to prevail on their appeal, they will have a remedy: the IRS could be enjoined from using the documents or testimony. See, e.g., McCammon v. United States, 584 F. Supp. 2d 193, 198 (D. D.C. 2008). Furthermore, a stay would harm the government's ability to investigate and collect taxes. Id. The impediment to that ability harms the public too. The public also has an interest in the prompt and final resolution of matters. Moreover, the subpoenas seek both documents and testimony, and the memory of witnesses could fade during a potentially lengthy appeal. Costco, the recipient of the subpoenas, has not moved to intervene in this action or otherwise complained about harm to its interests. Accordingly, petitioners have not shown that a stay is warranted.

Having found that petitioners are not entitled to a stay from this Court, the Court

ORDER GRANTING IN PART MOTION
FOR A STAY PENDING APPEAL - 3

also considers petitioners' request for a short stay to permit them to seek a stay from the Ninth Circuit. The government's response states that it does not oppose a five-day stay for that purpose. Accordingly, because the request is unopposed, the Court will grant a five-day stay to permit the petitioners to seek a stay from the Ninth Circuit.

Although the Court has granted a short stay, it will not require petitioners to post a bond pursuant to Federal Rule of Civil Procedure 62(d). The government does not need protection from the risk of an uncollectible judgment or to compensate it for the delay in entry of a final judgment. See, e.g., NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (explaining why bonds are typically required).

Petitioners' motion for a stay (Dkt. #36) is GRANTED IN PART. Because the government does not object, the Court will grant a five-day stay to permit petitioners to seek an emergency stay from the Ninth Circuit Court of Appeals. If the Ninth Circuit denies the request for a stay or fails to act within five days of the date of this order, then the Court's prior order and judgment shall be fully enforceable at the end of the five-day period.

DATED this 4th day of January, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR A STAY PENDING APPEAL - 4